# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MICHELLE STRICKLAND, | |
| Plaintiff, | |
| | Case No. 2019-cv-02621 |
| v. | |
| THOMAS J. DART, in his official capacity as Sheriff of Cook County; BRAD SANDIFER, in his individual capacity; and COUNTY OF COOK, as indemnitor, | Plaintiff Demands Trial by Jury |
| Defendants. | |

## COMPLAINT

Plaintiff MICHELLE STRICKLAND, by and through her undersigned attorney,

Cass T. Casper, TALON LAW, LLC, complains as follows against Defendants THOMAS

J. DART, Sheriff of Cook County (in his official capacity only), BRAD SANDIFER (in his

individual capacity), and COUNTY OF COOK, as indemnitor (collectively,

"Defendants").

## NATURE OF THIS ACTION

1. Plaintiff MICHELLE STRICKLAND (hereinafter, "Plaintiff" or "STRICKLAND")

brings this action for violations of the Title VII, 42 U.S.C. § 2000e, *et seq.*, as amended

(Counts I and II); for violations of the Illinois Human Rights Act ("IHRA") pursuant to

775 ILCS § 5/1-101 *et seq.* (Count III and IV); for violations of her civil rights pursuant to

42 U.S.C. § 1983 (Counts V and VI); and, for indemnification by Defendant County of the other Defendants pursuant to at least 745 ILCS § 10/9-102 (Count VII). Plaintiff seeks all available relief, including, but not limited to, declaratory, compensatory, injunctive and equitable relief, attorney's fees and litigation costs pursuant to 42 U.S.C. § 1988, and for punitive damages against Defendant SANDIFER only and as allowed by law.

2.   This Complaint stems from the Individual Defendant's direct and personal discrimination against STRICKLAND based on her gender (female) and race (African-American/Black) by subjecting her, because of her gender and/or race, to different terms and conditions of employment while assigned as a Cook County Correctional Officer under SANDIFER's chain-of-command.

3.   This Complaint also stems from Defendant Sheriff's failure to take action to correct the discrimination suffered by Plaintiff after she reported it on numerous occasions between September 2017 and the present.

4.   In summary, MICHELLE has been subjected to a hostile work environment based on her gender (female) and race (African-American and Black) since at least September 2017 while working as a Cook County Correctional Officer in the Transportation Unit of the Cook County Department of Corrections under Sergeant SANDIFER.

5.   The hostile work environment has been so egregious that STRICKLAND has suffered severe emotional distress, including headaches, sleeplessness, and feelings of intense anguish and dread at having to simply go to work and do her job.

## JURISDICTION AND VENUE

6.   This Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to Title VII of the Civil Rights Act, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has jurisdiction over claims for attorney's fees herein under Title VII and 42 U.S.C. § 1988.

7.   Venue is proper in this judicial district in accordance with 28 U.S.C. § 1391(b) and (c), as Plaintiff and, on information and belief, Defendant SANDIFER, both reside in this district.  Venue is proper as to the other Defendants because they have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.  Venue in this court is also proper pursuant to 29 U.S.C. § 626(c).

## PARTIES

8.   Plaintiff STRICKLAND is an adult African-American and Black female and a citizen of the United States who resides in Cook County, Illinois.  She is an employee of Defendant SHERIFF with the Department of Corrections of the Cook County Sheriff's Office.  Plaintiff was hired on or about June 13, 2005.

9.   Defendant COOK COUNTY is a municipality incorporated under the laws of the State of Illinois.  COOK COUNTY administers itself through departments, one of which is the office under the authority of Defendant SHERIFF.

10. At all relevant times, Defendant COOK COUNTY, at least through the Defendant SHERIFF, has been continuously engaged in an industry affecting commerce.

11. Cook County is named solely in its capacity as indemnitor of all of the other Defendants.

12. At all relevant times, Defendant THOMAS J. DART (hereinafter, "the Sheriff" or "Dart") has served as the elected Sheriff of Cook County, Illinois. Dart is and has been a final decision maker and policy maker in the Sheriff's Office. Defendant Dart is sued in his official capacity only.

13. At all times relevant, Defendant BRAD SANDIFER (hereinafter, "SANDIFER") was employed by the Sheriff as a Sergeant with the Department of Corrections of the Sheriff's Office assigned to the Cook County Jail. SANDIFER is sued in his individual capacity only.

14. At all times relevant, Defendant SANDIFER has acted under color of law for purposes of the constitutional claims herein, meaning he has engaged in the complained-of conduct in the workplace, as a Sergeant, as Plaintiff's supervisor, and at all times as part of his duties and in his office within the scope of his public employment.

## ADMINISTRATIVE PROCEEDINGS

15. On July 10, 2018, Plaintiff filed a charge of discrimination with the Equal

4

Employment Opportunity Commission ("EEOC"), alleging discrimination based upon her gender (female) and race (Black) in EEOC Charge Number 440-2018-06566. *See* Exhibit 1 (attached hereto and incorporated by reference herein).

16. On March 13, 2019, Plaintiff received a notice of right to sue letter on EEOC Charge Number 440-2018-06566. *See* Exhibit 1.

17. Plaintiff's gender and race discrimination claims are timely filed within 90 days of the receipt of the notice of right to sue letter.

18. Plaintiff's EEOC Charge was filed more than sixty (60) days prior to bringing this claim.

19. All of the acts complained of herein in the aggregate constitute a severe or pervasive hostile work environment based on Plaintiff's gender (female) and race (African-American / Black) and are specifically plead as one ongoing hostile work environment because discrete acts occurred within 300 days of Plaintiff's EEOC Charge.

## FACTS COMMON TO ALL COUNTS

20. STRICKLAND has been employed since June 13, 2005 as a Correctional Officer with the Department of Corrections within the Cook County Sheriff's Office.

21. At all times relevant, STRICKLAND has performed her job consistently with the expectations of the Sheriff's office.

22. Beginning in or about September 2017, Plaintiff was assigned to the Department of Corrections' Transportation Unit after she returned from duty injury.

23. In or about September 2017, STRICKLAND began reporting to Defendant SANDIFER as one of her Sergeants after she returned from duty injury.

24. SANDIFER is a White/Caucasian male Sergeant.

25. Since SANDIFER became her Sergeant, the SHERIFF, through its employee SANDIFER, has subjected Plaintiff to unwelcome and ongoing and continuous distinct acts of discrimination based on her race (Black) and sex/gender (female) so as to create a severe or pervasive hostile work environment, including at least by the following discrete acts:

a. In or about September 2017, STRICKLAND was examining her benefit time in the Sergeant's Office in the Transportation Unit when Sergeant SANDIFER commented to STRICKLAND words to the effect that "[you people have a lot of nerve looking at the calendar trying to take days off.]" By "you people," STRICKLAND understood that SANDIFER was referring to Black people and that he was implying that STRICKLAND was lazy because she is a Black person.

b. In or about November 2017, STRICKLAND was in the Transportation Unit office when two other officers were arguing with each other. Sergeant SANDIFER appeared and interrupted them and stated to the White officer that he should "not argue with people who cannot communicate with you," which STRICKLAND took to mean Black people. STRICKLAND immediately advised another Sergeant if he had

heard what SANDIFER said and the other Sergeant merely laughed STRICKLAND off and did not address the situation.

c.  By in or about February 2018, Defendant SANDIFER stated to STRICKLAND in the presence of a Lieutenant words to the effect that "[if anyone is to go home early, it's STRICKLAND, STRICKLAND is my bad officer,]" by which STRICKLAND understood SANDIFER to be referring to her Race (Black) and engaging in stereotyping STRICKLAND as "bad" because she is Black.

d.  By SANIDER referring to his brother in STRICKLAND's presence as "the worst N***** that he knows," which deeply offended STRICKLAND because she is Black and such a degrading term used in casual conversation made her feel disempowered and inferior because of her race (Black).

e.  By stating the N-word in Roll Call on occasions where STRICKLAND was not present, but she heard it about from co-workers afterward and, especially in the context of her other experiences with Sergeant SANDIFER noted herein, STRICKLAND was grossly offended on hearing further reports of SANDIFER casually using such a racially-offensive term.

f.  By making derogatory comments about Black men in STRICKLAND's presence, including by referring to one as "big dummy," and others as "you guys," meaning referring to all Black people by the phase "you guys" and referring to a wrongful stereotype that Black men are big and dumb.

g.   By making derogatory comments to STRICKLAND because of her gender, including words to the effect that "[no woman was going to tell him what to do.]"

h.   By in or about March 2018, singling STRICKLAND out and segregating her during Roll Call for not wearing appropriate clothing, including not wearing a vest, when White and male officers were also not wearing vests and in later Roll Calls in April 2018.  Only STRICKLAND and other Black officers were during this time subjected to criticism for not wearing a vest, while White male officers are allowed to do it all the time without repercussions.

i.   By orally reprimanding and subjecting STRICKLAND to a four-day suspension without pay because SANDIFER did not like where STRICKLAND was physically standing while in Roll Call and he wanted her to move to another spot during the Roll Call.  Other non-Black, non-female Correctional Officers were not asked to move to different spots in the Roll Call room or otherwise not subjected to like petty orders about where they stood during Roll Call.

j.   By consistently and persistently talking about racial politics in STRICKLAND's presence within the workplace, including by stating words to the effect that SANDIFER "[does not understand why White people cannot use the word N*****, and does not understand why Black people are eclipsing White people.]"

k.   By persistently talking about gender politics in STRICKLAND's presence

and that the Me-Too Movement is unfair to men and that women should just "get over it."

l.   By SANDIFER has frequently accosting STRICKLAND about having her Master's Degree in a disbelieving and belittling way, as if he could not understand how STRICKLAND, a Black Female, could have her Master's Degree.

m.  By on or about September 28, 2018, SANDIFER telling Officer VOYTAS in STRICKLAND's presence about the jacket STRICKLAND was wearing words to the effect to Officer Voytas that, "[you are the man, take charge of the situation and show her who's the man and take the jacket from her,]" all referring to STRICKLAND who was wearing a nice jacket.

n.   By on or about November 20, 2018, SANDIFER told STRICKLAND that he has no patience for "stupidness" when STRICKLAND asked him whether or not a female staffing rotation was being restarted.  He stated this to STRICKLAND in front of several Lieutenants, Sergeants, and Officers.

o.   By on or about January 12, 2019 (and after the underlying Charge was filed), Sandifer stated to STRICKLAND in the presence of Sergeant Edwards and Officer Maxwell words to the effect that "[The Bible says that Women should Honor Men.]"

p.   On or about January 17, 2019 (and after the underlying Charge was filed)

SANDIFER stated during Roll Call that the three officers in the Van Dyke conspiracy criminal trial would have a verdict and that people would be upset. Officer Voytas then walked up to STRICKLAND, in front of SANDIFER and in close proximity to SANDIFER, and asked STRICKLAND "who's going to be upset STRICKLAND?" and then stating to STRICKLAND, "Black people." SANDIFER was present for this exchange, which was thoroughly race-based by suggesting to STRICKLAND in front of SANDIFER that her race (Black) people were going to be upset by the verdict.

q.  On or about January 28, 2019 (and after the EEOC Charge was filed), SANDIFER called STRICKLAND "girl" by stating that "it sounds like you are getting sick girl," which made STRICKLAND feel extremely degraded.

r.  On or about February 5, 2019 (and after the EEOC Charge was filed), SANDIFER stated during Roll Call that he does not care that it is Black History Month, which was not work related, inappropriate, and, especially in the context of all of the foregoing, another basis for STRICKLAND to feel segregated and separated and discriminated against.

26. The Sheriff's Office has at all times ignored and/or acted with deliberate indifference towards STRICKLAND's claims, despite that the SHERIFF has at all times been on notice of other problems and complaints about SANDIFER, including in *Cribbs v. Thomas J. Dart, Sergeant Brad Sandifer, et al.*, 13 cv 2758, ¶¶18, 19 (N.D. Ill. 2013) (alleging that Sergeant Sandifer made derogatory sexual comments towards a female

officer and engaged in retaliation against her when she rejected his workplace sexual advances), and including the fact that STRICKLAND has reported the foregoing to Lieutenants and Sergeants, or the offensive actions were taken by SANDIFER in front of Lieutenants and Sergeants, with little to nothing being done to change the bullying and discriminatory workplace culture.

27. STRICKLAND has repeatedly reported her problems with Sergeant Sandifer to the Sheriff's Office, but it has gone unaddressed until many months after the foregoing incidents when SANDIFER was finally transferred to another Unit in or about *March 2019* – in other words, the Sheriff's Office has done nothing to change these problems for many months and months, even after having already been sued once for SANDIFER's behavior, and even after the EEOC Charge was filed in this case.

28. Plaintiff has had to endure nearly 18 months of discriminatory terms and conditions of employment at the hands of Defendant SANDIFER wherein the SHERIFF failed utterly to exercise reasonable care to prevent and correct promptly SANDIFER's discriminatory conduct toward Plaintiff, despite that Plaintiff reported and made known her issues to the Sheriff's Office.

29. Plaintiff has suffered extreme emotional distress, anxiety, humiliation, and embarrassment, and anguish because of her discriminatory treatment based on her gender and race in the Department of Corrections at the hands of the individual Defendant SANDIFER.

30. Plaintiff has suffered physical headaches, loss of sleep, and been troubled, upset, angry, and full of angst at her subjection to different terms and conditions of employment at the hands of SANDIFER without abatement of same by the SHERIFF's Office.

31. At the same time this lawsuit is pending, a putative class action is pending against the SHERIFF for the discriminatory manner in which his disciplinary system is being used against Black and African-American Officers. *See Evans III, et al. v. Dart, et al.*, 18-cv-06018.

32. Despite being on major notice that racial discrimination is rampant and embedded in his office, the SHERIFF continues to tolerate race-based bullying, racially discriminatory treatment, and a lax reporting system that goes largely poorly administered and does little to rout out rampant systemic racism.

33. A code of silence exists in the workplace as to allegations of racism wherein it is covered up, unreported, and badly investigated, if it is investigated, resulting in Officers such as STRICKLAND, having nowhere to turn to have their experiences of race-baiting and bullying addressed and eliminated from the workplace.

<u>**COUNT I**</u>
<u>**TITLE VII VIOLATION**</u>
<u>**HOSTILE WORK ENVIRONMENT BASED ON GENDER**</u>
**(Plaintiff v. Defendant Dart)**

34. Plaintiff realleges and incorporates by reference all other paragraphs in this complaint as if fully set forth herein.

35. Plaintiff is a female protected under Title VII.

36. Defendant Sheriff, at least through his agents, has engaged in a policy, pattern, and practice of discrimination against Plaintiff based on her gender, and subjected her to a severe or pervasive hostile work environment on such basis.

37. Defendant Sheriff, through his agents, intentionally subjected Plaintiff to unequal and discriminatory treatment based on her gender that altered the terms and conditions of Plaintiff's employment, as set forth above, at least by subjecting her to the unwarranted and unwelcome comments about her race and sex, subjecting her to unfounded discipline for conduct White/non-female officers were not subjected to.

38. The actions of Defendant Sheriff, through his employee SANDIFER, in intentionally engaging in and condoning gender discrimination against Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

39. At all times, SANDIFER's conduct was foreseeable based on the prior lawsuit in *Cribbs*, yet the SHERIFF has taken no meaningful action to redress the problem.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant Sheriff's discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial up to $300,000; a permanent injunction enjoining Defendant Sheriff from engaging in the

discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendant Sheriff has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions; an award of reasonable attorneys' fees, costs, and litigation expenses; and, such other relief as this Court may deem just or equitable.

<u>**COUNT II**</u>
<u>**TITLE VII VIOLATION**</u>
<u>**HOSTILE WORK ENVIRONMENT BASED ON RACE**</u>
**(Plaintiff v. Defendant Dart)**

40. Plaintiff realleges and incorporates by reference all other paragraphs in this complaint as if fully set forth herein.

41. Plaintiff is and African-American and Black female protected under Title VII.

42. Defendant Sheriff, at least through his agents, has engaged in a policy, pattern, and practice of discrimination against Plaintiff based on her race (African-American and Black), and subjected her to a severe or pervasive hostile work environment on such basis.

43. Defendant Sheriff, through his agents, intentionally subjected Plaintiff to unequal and discriminatory treatment based on her gender that altered the terms and conditions of Plaintiff's employment, as set forth above, at least by subjecting her to the unwarranted and unwelcome comments about her race and sex, subjecting her to unfounded discipline for conduct White/non-female officers were not subjected to.

44. The actions of Defendant Sheriff, through his agents, in intentionally engaging in and condoning race discrimination against Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to pay to Plaintiff, all benefits Plaintiff would have received but for the Defendant Sheriff's race discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial up to $300,000; a permanent injunction enjoining Defendant Sheriff from engaging in the discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendant Sheriff has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions; an award of reasonable attorneys' fees, costs, and litigation expenses; and, such other relief as this Court may deem just or equitable.

## COUNT III
## ILLINOIS HUMAN RIGHTS ACT VIOLATION
## HOSTILE WORK ENVIRONMENT BASED ON GENDER
**(Plaintiff v. Defendant Dart)**

45. Plaintiff realleges and incorporates by reference all other paragraphs in this complaint as if fully set forth herein.

46. Plaintiff is an African-American and Black female protected under the Illinois

Human Rights Act.

47. Defendant Sheriff, at least through his agents, has engaged in a policy, pattern, and practice of discrimination against Plaintiff based on her gender (female), and subjected her to a severe or pervasive hostile work environment on such basis.

48. Defendant Sheriff, through his agents, intentionally subjected Plaintiff to unequal and discriminatory treatment based on her gender that altered the terms and conditions of Plaintiff's employment, as set forth above, at least by subjecting her to the unwarranted and unwelcome comments about her race and sex, subjecting her to unfounded discipline for conduct White/non-female officers were not subjected to.

49. The actions of Defendant Sheriff, through his agents, in intentionally engaging in and condoning gender discrimination against Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

50. At all times, SANDIFER's conduct was foreseeable based on the prior lawsuit in *Cribbs*, yet the SHERIFF has taken no meaningful action to redress the problem.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant Sheriff's gender discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial up to $300,000; a permanent injunction enjoining Defendant Sheriff from engaging

in the discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendant Sheriff has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions; an award of reasonable attorneys' fees, costs, and litigation expenses; and, such other relief as this Court may deem just or equitable.

**COUNT IV**
**ILLINOIS HUMAN RIGHTS ACT VIOLATION**
**HOSTILE WORK ENVIRONMENT BASED ON RACE**
**(Plaintiff v. Defendant Dart)**

51. Plaintiff realleges and incorporates by reference all other paragraphs in this complaint as if fully set forth herein.

52. Plaintiff is an African-American and Black female protected under the Illinois Human Rights Act.

53. Defendant Sheriff, at least through his agents, has engaged in a policy, pattern, and practice of discrimination against Plaintiff based on her race (African-American and Black), and subjected her to a severe or pervasive hostile work environment on such basis.

54. Defendant Sheriff, through his agents, intentionally subjected Plaintiff to unequal and discriminatory treatment based on her gender that altered the terms and conditions of Plaintiff's employment, as set forth above, at least by subjecting her to the unwarranted and unwelcome comments about her race and sex, subjecting her to unfounded discipline

for conduct White/non-female officers were not subjected to.

55. The actions of Defendant Sheriff, through his agents, in intentionally engaging in and condoning gender discrimination against Plaintiff has caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, and other consequential damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant Sheriff's race discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial up to $300,000; a permanent injunction enjoining Defendant Sheriff from engaging in the discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendant Sheriff has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions; an award of reasonable attorneys' fees, costs, and litigation expenses; and, such other relief as this Court may deem just or equitable.

## COUNT V
## 42 U.S.C. § 1983 CLAIM FOR VIOLATIONS OF THE FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE DUE TO GENDER DISCRIMINATION
### (Plaintiff v. Defendant Sandifer)

56. Plaintiff realleges and incorporates by reference all other paragraphs of this complaint above as if fully set forth herein.

18

57. At all times relevant, Defendant SANDIFER was acting under color of law.

58. At all times relevant, Plaintiff was and is a member of a protected class, *to wit*, she is a female.

59. Defendant Sheriff, through his agents, intentionally subjected Plaintiff to unequal and discriminatory treatment based on her gender that altered the terms and conditions of Plaintiff's employment, as set forth above, at least by subjecting her to the unwarranted and unwelcome comments about her race and sex, subjecting her to unfounded discipline for conduct White/non-female officers were not subjected to.

60. In so doing, SANDIFER intentionally, personally, and directly deprived Plaintiff of rights, privileges, and immunities secured to her by the 14th Amendment of the United State Constitution, *to wit*, her right to be free from equal protection violations because of her gender.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant Sheriff's gender discrimination, including pre-judgment interest; general compensatory damages for pain and suffering and emotional distress in an amount to be determined at trial up to $1,000,000; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions up to $1,000,000; an award of reasonable attorneys' fees, costs, and litigation expenses; for punitive damages as allowed by law in the amount of at least twice the compensatory

damages due to the intentional and callously indifferent nature of the conduct (but only against the individual Defendant SANDIFER), and, such other relief as this Court may deem just or equitable.

**COUNT VI**
**42 U.S.C. § 1983 CLAIM FOR VIOLATIONS OF THE FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE DUE TO RACE DISCRIMINATION**
**(Plaintiff v. Defendant Sandifer)**

61. Plaintiff realleges and incorporates by reference all other paragraphs of this complaint above as if fully set forth herein.

62. At all times relevant, Defendant SANDIFER was acting under color of law.

63. At all times relevant, Plaintiff was and is a member of a protected class, *to wit*, she is African-American and Black.

64. Defendant SANDIFER intentionally, personally, and directly, subjected Plaintiff to discrimination based on race (African-American and Black) in violation of her 14th Amendment right to equal protection at least by subjecting her, because of her protected class (African-American and Black), to unwarranted degradation, disparate discipline, and different terms and conditions of employment than similarly-situated White officers.

65. In so doing, SANDIFER intentionally, personally, and directly deprived Plaintiff of rights, privileges, or immunities secured to her by the 14th Amendment of the United State Constitution, *to wit*, her right to be free from equal protection violations because of her race.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant Sheriff's gender discrimination, including pre-judgment interest; general compensatory damages for pain and suffering and emotional distress in an amount to be determined at trial up to $1,000,000; damages for actual emotional distress caused by the Defendant Sheriff's actions and omissions up to $1,000,000; an award of reasonable attorneys' fees, costs, and litigation expenses; for punitive damages as allowed by law in the amount of at least twice the general compensatory damages due to the intentional and callously indifferent nature of the conduct (but only against the individual Defendant SANDIFER), and, such other relief as this Court may deem just or equitable.

## COUNT VII
### (Indemnification Claim Against Cook County)

66. Plaintiff realleges and incorporates by reference all other paragraphs of this complaint above as if fully set forth herein.

67. Illinois statute provides that a local public entity such as Defendant Cook County is obligated to assume financial responsibility for the actions committed by its officials or employees, such as Defendant Thomas J. Dart and the other individual Defendants hereto.  *See* 745 ILCS §§ 10/1-202, 10/2-302, and 10/9-102.

WHEREFORE, Plaintiff respectfully requests that Defendant Cook County be directed to pay, indemnify, and assume financial responsibility for the actions and/or

omissions committed by Defendants SHERIFF and SANDIFER in all ways for harms caused by the Defendants.

**JURY DEMANDED AS TO ALL COUNTS**

Respectfully submitted,

**MICHELLE STRICKLAND**

*s/Cass T. Casper*
_____
Plaintiff's Attorney
*Electronically filed on April 18, 2019*

*Cass T. Casper, Esq.*
TALON LAW, LLC
79 West Monroe, Suite 1213
Chicago, Illinois 60626
P: (312) 351-2478
E: ctc@talonlaw.com